IRVING, J.,
Dissenting.
¶ 31. In this case, the majority relies upon Covenant Health Rehabilitation of Picayune, L.P. v. Brown, 949 So.2d 732 (Miss.2007) to find that James Braddock’s execution of the admission agreement, in his capacity as the health-care surrogate for his mother, legally bound her to an arbitration provision contained in the agreement. In Trinity Mission of Clinton, LLC d/b/a Clinton Health & Rehabilitation Center v. Barber, 988 So.2d 910 (¶ 52) (Ct.App.2007) (Irving J., concurring in part dissenting in part) (cert. granted, 977 So.2d 1144 (Miss.2008); appeal dismissed, 2008 Miss. LEXIS 185, at *1 (Miss. April 17, 2008)),[2] I agreed with the majority that Brown indeed states that a health-care surrogate has the authority to bind a patient to an arbitration provision contained in an admission agreement. However, I also explained that no such authority is granted to a surrogate under Mississippi’s Uniform Health-Care Decisions Act.[3] Id. at (¶¶ 53-54). I further explained that the Brown court did not address the statutory definition of a surrogate and that because of that omission, I did not believe the Brown decision should be given the precedential value that otherwise would be due. Id. at (¶ 55). Finally, I stated my belief that “had our supreme court considered the statutory meaning of a health care decision, along with the concomitant power of a surrogate in light of that meaning, its decision in [Brown ] may very well have been different.” Id,.
¶ 32. Therefore, for the reasons expressed in my dissent in Trinity Mission, I respectfully dissent, as the facts here are identical to the facts in Trinity Mission, with only the names of the surrogate and the patient being different.

. The general docket indicates that the appeal was dismissed pursuant to a motion to dismiss that was filed by the Appellees and joined by the Appellants.

. At one point in my dissent in Barber, I mistakenly referred to the Uniform HealthCare Decisions Act as the Health Care Surrogate Act. Barber, 2005-CA-02199-COA at (¶ 52). The Act is codified as Mississippi Code Annotated sections 41-41-201 through 41-41-229 (Rev.2005).